NORTHWESTERN FUEL COMPANY, Plaintiff and Appellant, *v.* HENRY A. BRUNS, Defendant and Respondent.

### 1. Written Contract — Parol Evidence.

Defendant having written plaintiff asking if it could furnish defendant coal at same prices and terms as previous season, if he used about one-half to two-thirds of amount used the previous season, and plaintiff having, by letter, in answer to this inquiry, offered to sell at the price of $3.50 per ton, and defendant having thereafter, by letter, accepted the offer, *held*, that parol evidence to show that, intermediate plaintiff's offer and defendant's acceptance, the parties fixed the amount of coal to be delivered at the full amount used by defendant the season before, instead of one-half to two-thirds, as stated in defendant's letter, was inadmissible, because it varied the terms of the written contract.

(Opinion Filed May 6, 1890.)

*A*PPEAL from district court, Cass county; Hon. WM. B. McCONNELL, Judge.

Alf E. Boyesen, for appellant, cited, upon the proposition stated in the foregoing syllabus the following authorities: 2 Phil. Evidence, 668–9; Naumberg v. Young, 44 N. J. L. 331; Hei v. Heller, 53 Wis. 415; La Farge v. Rickert, 5 Wend. 187; Creery v. Holly, 14 Wend. 26; Stone v. Harmon, 31 Minn. 512.

R. R. Briggs, for respondent, cited: Parsons on Cont. vol. 2, p. 502; Jones on Commercial and Trade Cont. p. 280; Hub-

bard v. Marshall, 50 Wis. at p. 325; Bradstreet v. Rich, 72 Me. at p. 237; Kal. Nor. Mfg. Co. v. MacAlister, 40 Mich. 88; Wharton on Evidence, §§ 1015-16; Chapin v. Dobson, 78 N. Y. 79; Abbott's Trial Evidence, p. 294; Domestic Sewing Machine Co. v. Anderson, 28 Minn. 57; Bonney v. Morrell, 57 Me. 372.

CORLISS, C. J.  This litigation was instituted to recover the price of coal sold and delivered to defendant by plaintiff.  The claim was not disputed, but defendant sought to recoup damages for a breach of the contract under which the coal was furnished. During the winter of 1885-86, plaintiff had supplied defendant with the coal used by him in conducting his hotel at Moorhead, Minn.  On the 21st of September, 1886, defendant wrote the plaintiff the following letter of inquiry: "Please ship me at once, one car of Willow Bank, one car of Yough., from Duluth. Will you make me the same prices and terms as a year ago, if I use about one-half to two-thirds of what I did last season?"  To this letter the plaintiff wrote, September 22d, the following reply, which was received by defendant in due course of mail: "Your favor of the 21st inst. received, and we have entered your order for one car Willow Bank and one car Youghiogheny coal. In reply to your inquiry, would say we will make you price of $3.50 per ton on cars at Duluth for Willow Bank or Youghiogheny coal; but the terms must be cash between the 1st and 10th of month succeeding shipment, as we cannot accept paper on these prices."  On October 16th, defendant mailed to plaintiff a letter of acceptance, which closed the correspondence between the parties: "Please ship me, by St. P., M. & M., one car Yough. coal.  If your letter of the 22d ult. requires an acceptance, I herewith accept your offer."  Intermediate the writing of this last letter by defendant, and the other letter from plaintiff, to which it was an answer, defendant had a conversation in which, he testified, it was agreed between himself and the representative of plaintiff that he should take, at the price named in plaintiff's letter to defendant of September 22d, the amount of coal purchased by him the year before of plaintiff.  This amount was not at the time of this conversation definitely known to either party, but it is undisputed that it was in fact 951 tons. This conversation is denied by the agent of the plaintiff with

whom defendant claimed it was had, but the jury have found this question of fact in favor of defendant. The jury were instructed that, if this talk was had, and the amount of coal to be delivered under this contract was then agreed upon, then, in fixing the defendant's damages for failure to deliver all of the coal under the contract, the jury must consider the plaintiff as bound to deliver 951 tons. Plaintiff insists that the contract was all in writing; that under it plaintiff was bound to furnish not to exceed two-thirds of 951 tons, or 634 tons; that it was error to admit the testimony of defendant as to the conversation in which defendant claimed the amount to be furnished was agreed upon; and that it was error to direct the jury to find damages on the basis of an obligation resting upon plaintiff to deliver 951 tons in case they found the defendant's testimony in this regard to be true.

This presents a case in which it becomes necessary to determine whether the general rule excluding parol evidence to affect a written agreement is applicable. We think it is. The letter from defendant to plaintiff, and from plaintiff in reply, together constituted, in effect a complete proposition for an agreement to be accepted or rejected. There was a request for a proposition on certain conditions, and the plaintiff, by reply, submitted its proposition in view of those conditions. The parties, therefore, stood in the position of having drawn, but not signed, a proposed agreement, when the conversation as to the amount of the coal to be furnished was had. This conversation was at variance with the terms of this written but unsigned proposed agreement, and it was the duty of the defendant to see to it that this parol change was interpolated into the contract before finally assenting to it. This he did not do. He signed it as it was, by writing the letter of acceptance. This accepted an offer to furnish coal at a certain price, which offer was made on condition that the amount was to be about one-half to two-thirds of the amount supplied defendant by plaintiff the season before. It did not accept an offer to furnish 951 tons of coal, nor was the contract silent as to the amount. If, after submission of a written agreement for approval the parties agree to change any of the terms of the writing, the change

must be made in the writing, or it will be held to embrace the true agreement of the parties. In attempts to mete out justice in individual cases, so many distinctions have been made, in order to escape the force of the doctrine excluding all oral stipulations not embraced in a written contract, that the proper application of the rule has become a problem so difficult of solution that the value of the rule has been seriously impaired. The uncertainty which has resulted has given rise to much litigation in which each party has been sanguine of success because precedents to support each theory could be found. This is to be deplored, and it is wise that this court should at the outset uphold this principle in its full integrity. We are of the opinion that the court erred in admitting the testimony as to amount of coal to be furnished, and in submitting the same to the jury; and for this error the judgment of the district court is reversed, and a new trial ordered. All concur.